**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| LYNETTE TATUM-RIOS, Individually and on behalf of all other persons similarly situated, : : : : | |
| Plaintiff, : : | No.: 1:19-cv-07392-PAE-RWL |
| v. : : | ANSWER & AFFIRMATIVE DEFENSES |
| CAASTLE INC., d/b/a Gwynnie Bee, : : | JURY TRIAL DEMANDED |
| Defendant. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NOW COMES the Defendant, CAASTLE INC., d/b/a Gwynnie Bee, by O'Hagan Meyer LLC, its attorneys and for its Answer and Affirmative Defenses to the Class Action Complaint alleges and states as follows:

## INTRODUCTION

1. Defendant admits Plaintiff brings this lawsuit. Defendant denies the remaining allegations in Paragraph 1 and denies any liability based on the claims made in the lawsuit.

2. Defendant admits Plaintiff brings this lawsuit. Defendant denies any liability based on the claims made in the lawsuit.

3. Defendant admits Plaintiff makes request for relief, but denies that Plaintiff is entitled to relief.

## THE PARTIES

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint, except admits that Plaintiff purports to state the relief being requested and the basis for the jurisdiction in this Court, and respectfully leaves all questions of law to this Court.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint, except admits that Plaintiff purports to state the relief being requested and the basis for the jurisdiction in this Court, and respectfully leaves all questions of law to this Court.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint, except admits that Plaintiff purports to state the relief being requested and the basis for the venue in this Court, and respectfully leaves all questions of law to this Court.

9. The allegations set forth in Paragraph 9 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.

## NATURE OF ACTION

10. Defendant admits the allegations in Paragraph 10.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. The allegations set forth in Paragraph 12 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 12.

13. The allegations set forth in Paragraph 13 state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 13.

## STATEMENT OF FACTS

Defendant, Its Website And Its Website's Barriers

14. Defendant admits the allegations in Paragraph 14.

15. Defendant admits consumers can purchase a subscription or a gift subscription on the website. Defendant admits consumers can create an account on the Website, choose a subscription, customize the order and manage the account. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant admits the Website allows consumers to learn information about the company; learn about available products, learn about the subscription process; learning about pricing; and sign up for a subscription and manage their account. The remaining allegations set forth in Paragraph 16 state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the remaining allegations set forth in Paragraph 16.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegations.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

Defendant Must Remove Barriers to Its Website

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. The allegations set forth in Paragraph 26 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 26.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

## CLASS ACTION ALLEGATIONS

32. Defendant admits Plaintiff seeks certification of a class in her Complaint, but denies that certification should be granted.

33. Defendant admits Plaintiff seeks certification of a class in her Complaint, but denies that certification should be granted.

34. Defendant admits Plaintiff seeks certification of a class in her Complaint, but denies that certification should be granted.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

## FIRST CAUSE OF ACTION

VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 et seq.

40. In response to Paragraph 40 of the Complaint, Defendant repeats and reaffirms each and every response to Paragraph 1 through 39 as if fully set forth fully herein.

41. The allegations set forth in Paragraph 41 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. The allegations set forth in Paragraph 43 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 43.

44. The allegations set forth in Paragraph 44 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 44.

45. The allegations set forth in Paragraph 45 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 45.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant admits Plaintiff makes request for relief, but denies that Plaintiff is entitled to relief.

SECOND CAUSE OF ACTION VIOLATIONS OF THE NYSHRL

48. In response to Paragraph 48 of the Complaint, Defendant repeats and reaffirms each and every response to Paragraphs 1 through 47 as if set forth fully herein.

49. The allegations set forth in Paragraph 49 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 43.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. The allegations set forth in Paragraph 52 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 52.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint. Defendant denies Plaintiff is entitled to any relief.

THIRD CAUSE OF ACTION VIOLATIONS OF THE NYCHRL

56. In response to Paragraph 56 of the Complaint, Defendant repeats and reaffirms each and every response to Paragraphs 1 through 55 as if fully set forth herein.

57. The allegations set forth in Paragraph 57 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law

to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 57.

58. The allegations set forth in Paragraph 58 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 58.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant admits Plaintiff makes request for relief, but denies that Plaintiff is entitled to relief or that Defendant violated the NYCHRL.

## FOURTH CAUSE OF ACTION DECLARATORY RELIEF

63. In response to Paragraph 63 of the Complaint, Defendant repeats and reaffirms each and every response to Paragraphs 1 through 62 as if fully set forth herein.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE
### (Effective Access)

2. The purported barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with access standards, the features nonetheless provided

effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

### THIRD AFFIRMATIVE DEFENSE
### (Removal of Barriers Was Not Readily Achievable)

3. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be accomplishable.

### FOURTH AFFIRMATIVE DEFENSE
### (Defendant Provided Services Via Alternative Methods)

4. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via "alternative methods" other than the removal of alleged barriers (42 U.S.C. §12182), including through telephone.

### FIFTH AFFIRMATIVE DEFENSE
### (Technically Infeasible)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the alleged standards for the alleged barriers identified in the Complaint would be technically infeasible.

### SIXTH AFFIRMATIVE DEFENSE
### (Mootness)

6. To the extent any claim is moot or not ripe for adjudication, that claim should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Damages Or Injury)

7. Plaintiff has not incurred any actual damages or injury.

## EIGTH AFFIRMATIVE DEFENSE
### (No Irreparable Injury And/Or Adequate Remedy At Law)

8. Plaintiff's claims for injunctive and other equitable relief are barred because she will not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because she has an adequate and complete remedy at law.

## NINTH AFFIRMATIVE DEFENSE
### (Ripeness)

9. Plaintiff's claim for injunctive and other equitable relief is not ripe as the Department of Justice has been tasked with promulgating regulations for companies to follow to have their websites accessible to blind individuals and those regulations have not been set forth and the Department of Justice has put those regulations on an inactive list.

## PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff takes nothing by way of her Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Respectfully submitted:

/s/ Ryan T. Benson
Ryan T. Benson, ARDC No. 6312338
O'Hagan Meyer LLC

One East Wacker Drive, Suite 3400  
Chicago, Illinois  60601  
312.422.6100 –T  312.422.6110 – F  
rbenson@ohaganmeyer.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 30, 2019, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system:

Douglas B. Lipsky
Christopher H. Lowe
420 Lexington Avenue
Suite 1830
New York, NY 10170
212.392.4772
doug@lipskylowe.com
chris@lipskylowe.com
*Attorney for Plaintiff*

/s/ Ryan T. Benson
Ryan T. Benson, ARDC No. 6312338
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
312.422.6100 –T  312.422.6110 – F
rbenson@ohaganmeyer.com